(No. 3185—

RAYMOND BOYLE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 13, 1938.*
*Rehearing denied November 16, 1938.*

AUSTIN J. BARLOW, for claimant.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

On January 15, 1937 and for more than a year prior thereto claimant had been in the employ of the State of Illinois as a highway maintenance patrolman in District No. 10. On that day about 1:30 A. M., while spreading cinders on U. S. Route No. 68, he was struck by an automobile driven at a high rate of speed by one John Eiselt, of 3711 South 54th Avenue, Cicero, Illinois. The record does not disclose what blame should be attached to John Eiselt or what, if any, efforts have been made to obtain damages from him.

Claimant was taken to the hospital and placed under the care of Dr. Dwight C. Reeves of Maywood. No fractures were found and claimant returned to work on March 1, 1937 and was thereafter released from service at the end of that month. He received full salary at the rate of One Hundred Twenty ($120.00) Dollars per month, or One Hundred Eighty-one and 94/100 ($181.94) Dollars as compensation for the period of his temporary total disability. He had no children under sixteen years of age at the time of the accident, and respondent had notice of the accident the following day. The claim was filed January 11, 1938.

The following bills have been paid by respondent in connection with claimant's accident:

| | |
|---|---|
| Dr. Dwight C. Reeves, Maywood .................................$ | 71.00 |
| Berwyn Hospital Assn., Berwyn ............................. | 6.60 |
| Oak Park Hospital Assn., Oak Park ....................... | 15.00 |
| The Lido Pharmacy, Maywood ............................. | 6.40 |
| McNamara's Druggist, Maywood ........................... | 1.17 |
| | |
| Total ............................................. | $100.10 |

Claimant seeks a further award for temporary total disability and partial permanent disability, in such amount as may be found due him under the terms of the Workmen's Compensation Act. It appears from the record that claimant was unable to work as the result of his injuries from January 15, 1937 to March 1, 1937, or a period of six and one-half (6½) weeks. That his annual earnings for the year previous thereto were One Thousand Four Hundred Forty ($1,440.00) Dollars. That an examination of claimant on April 13, 1938 before Doctors H. B. Thomas, Ernest Moore and A. R. Hollander, of the staff of the Illinois Research Hospital at Chicago, disclosed that claimant lost the hearing of his right ear at the age of six years, that about 1931 he submitted to an operation for the removal of a brain tumor, and as a result thereof suffered an impairment in hearing of his left ear; that he had been in poor physical condition over a long period of time; that there is a limitation of motion of the cervical spine; that there is some sclerosis of the shoulders; that there is some sclerotic condition of the blood vessels, possessed of some degree of chronic arthritis and a slight traumatization of the center of the spine. From the history of claimant's previous physical condition and of the accident in question, it is the opinion of the medical men that the slight traumatization of the spine, disclosed by the X-ray examination, has a causal connection to the accidental injury sustained by claimant on January 15, 1937, and aggravated the chronic arthritic condition in claimant's right shoulder; that the soreness and stiffness complained of by claimant affects the use of his right arm, and that he has sustained a specific loss of ten (10) per cent of the use of his right arm as a result of such accidental injury.

The record supports a finding of ten (10) per cent permanent partial loss of use of claimant's right arm.

His average weekly wage was Twenty-seven and 96/100 ($27.96) Dollars per week. Under the provisions of Paragraph *(b), Section 8* of the Workmen's Compensation Act he would

have been entitled to six and one-half (6½) weeks compensation for temporary total disability at the rate of Thirteen and 98/100 ($13.98) Dollars per week, being fifty (50) per cent of his average weekly wage, or a total of Ninety and 87/100 ($90.87) Dollars.

Under the provisions of *Paragraphs 13* and *17, Subsection (e),* Section 8 of the Act, he is entitled to fifty (50) per cent of his average weekly wage for twenty-two and one-half (22½) weeks, or Three Hundred Fourteen and 55/100 ($314.55) Dollars. He has heretofore been paid One Hundred Eighty-one and 94/100 Dollars ($181.94) so that there remains due him the further sum of Two Hundred Twenty-three and 48/100 ($223.48) Dollars.

An award is therefore hereby entered in favor of claimant for permanent partial disability for ten (10) per cent loss of use of his right arm in the sum of Two Hundred Twenty-three and 48/100 ($223.48) Dollars. As the full amount has heretofore accrued full payment is now due.

This award being subject to the provisions of an Act entitled, ''An Act Making an Appropriation to Pay Compensation Claim of State Employees and Providing for the Method of Payment Thereof,'' approved July 3, 1937 (Sess. Laws 1937 p. 83), and being, by the terms of such Act, subject to the approval of the Governor, is hereby, if and when such approval is given, made payable from said appropriation from the Road Fund in the manner provided for in such Act.